**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

QUINTON L. BROWN,

                Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

                Defendant.

Case No. 11-CV-483-FHM

## OPINION AND ORDER

Plaintiff, Quinton L. Brown, seeks judicial review of a decision of the Commissioner

of the Social Security Administration denying Social Security disability benefits.[1]   In

accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before

a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C.

§ 405(g) is limited to a determination of whether the record as a whole contains substantial

evidence to support the decision and whether the correct legal standards were applied.

*See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v.*

*Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,*

26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less

than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1]   Plaintiff's August 26, 2008, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Jeffrey S. Wolfe was held January 28, 2010.  By decision dated May 25, 2010, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on June 29, 2011.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was nearly 44 years old on the alleged date of onset and was 45 on the date last insured. He is a high school graduate with some college education and formerly worked as owner of a beauty supply store, collections clerk, a teacher's assistant, and job coach. He claims to have been unable to work since January 1, 2007 as a result of back pain, carpal tunnel syndrome, knee pain, lichen planus, mood disorder secondary to lichen planus, and diabetes.

## The ALJ's Decision

The ALJ found that Plaintiff retains the residual functional capacity (RFC) to lift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; stand or walk for 6 hours of an 8-hour workday, and sit for 6 hours of an 8-hour workday, but he must have a sit/stand at will option. He can occasionally climb ramps, stairs, ladders, ropes, and scaffolds, balance, stoop, kneel, crouch, and crawl. He is able to perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation. [R. 18]. Plaintiff can not return to his past relevant work with these limitations. However,

based on the testimony of a vocational expert, the ALJ found that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ's decision should be reversed and the case remanded for further consideration because the ALJ completely ignored the findings by the U.S. Department of Veterans Affairs (VA) that he is 80% disabled.

## Analysis

Although Plaintiff does not clearly distinguish these arguments in his brief, the court understands Plaintiff to be presenting two contentions on appeal:  (1) that the ALJ erred by not considering the VA rating; and (2) that the ALJ erred by not discussing the VA rating in the decision.

### Consideration of VA Rating

The record does not support Plaintiff's contention that the ALJ failed to consider the VA rating.  The ALJ thoroughly discussed the medical records in the case.  These are the same medical records that contain references to the VA rating, and presumably the same medical records the VA relied on in assigning a rating to Plaintiff.[2]  In the decision the ALJ mentioned that Plaintiff had been treated by VA medical providers.  [R. 20].  The court

---

[2] In his reply brief Plaintiff asserts that: "it appears the ALJ had access to all of the medical evidence relied on by the VA to determine Mr. Brown's VA disability rating and had the information regarding the actual percentages involved in Mr. Brown's overall or combined VA disability rating as described in this rating decision."  [Dkt. 17, p. 2].

cannot conclude that the ALJ did not consider the entries in the medical records that refer to the VA rating. Further, the ALJ did not say he would not consider these records or that he discounted them.

Discussion of VA Rating

In support of his contention that the ALJ erred by failing to discuss the VA rating, Plaintiff cites several cases where the ALJ's decision was reversed in part because a VA rating was not discussed. *Grogan v. Barnhart*, 399 F.3d 1257, 1262-63 (10th Cir. 2005), *Baca v. Dept. of Health and Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993), *Kanelakos v. Astrue,* 2007 WL 2693864 (10th Cir.). Contrary to Plaintiff's argument, these cases do not hold that every case must be remanded where a VA disability rating is not discussed. Examination of these cases reveals that further consideration and discussion of the VA rating was necessary because the denial decision was not supported by substantial evidence.

In *Grogan* the issue was whether Plaintiff demonstrated disability from March 1, 1990 to March 31, 1991 when his insured status expired. The ALJ found that the plaintiff had not met the step 2 *de minimus* showing of having a severe impairment before the expiration of his insured status. However, the record contained a VA finding that the plaintiff was 100% disabled for a month and a half after he entered the hospital on March 25, 1991, just before the expiration of his insured status. *Id*. at 1262. The VA found the plaintiff was 60 % disabled thereafter. The *Grogan* Court found that the ALJ's failure to discuss the significance of the VA disability evaluation in the context of concluding Plaintiff failed to make the *de minimus* showing he had a severe impairment was error. *Id*. at 1263.

4

Clearly *Grogan* does not stand for the proposition that a remand is automatically required every time an ALJ fails to discuss a VA rating.

In *Baca v. Dept of Health and Human Servs.*, 5 F.3d 476 (10th Cir. 1993), the Court found several legal errors occurred. The ALJ found that the claimant failed to submit any evidence of his medical condition prior to the expiration of his insured status. The Court found that the record contained direct and indirect evidence of claimant's condition during the relevant time frame. As a result, the Court ruled that the ALJ's conclusion that claimant failed to submit "any" medical evidence of this condition during the relevant time frame was not supported by substantial evidence. *Id*. at 479. The Court also found that the ALJ failed to develop the record as Plaintiff had filed previous applications for benefits and those records were lost by the Social Security Administration. *Id*. at 480. In addition, the Court said the ALJ should have considered the VA disability rating because that rating, which related to ear problems and joint disease, might in conjunction with the alleged mental impairments provide evidence of disability within the meaning of the Social Security Act. *Id*.

*Kanelakos v. Astrue*, 249 Fed.Appx. 6 (10th Cir. 2007) is an unpublished decision. The ALJ stated that the Social Security and VA standards differed, but did not otherwise discuss the significance of the VA's evaluation. *Id*. at 8. The Court remanded the case for "the ALJ to explain his reasons for rejecting the VA's view of the medical evidence." *Id*. The Court found that the failure to discuss the VA rating, which was based in part on the mental impairment of post-traumatic stress disorder with depression, was compounded by the ALJ's determination that the claimant had not shown that his diagnosed mental

impairments met the *de minimus* showing for severity at step two. *Id*. In *Kanelakos*, although the Court stated that the failure to discuss the VA rating was mainly the basis for remand, on close inspection of the opinion it appears that, like *Grogan*, the actual problem was that the ALJ's finding at step two was not supported by substantial evidence. The VA rating provided proof of that fact.

In addition, there are cases that have been affirmed despite the absence of discussion of a VA rating. In those cases, like this case, the evidence was appropriately discussed by the ALJ and supported a finding of non-disability under the rules pertaining to Social Security disability cases. *See Breneiser v. Astrue*, 231 Fed.Appx 840, 844-45 (10th Cir. 2007), 2007 WL 2309769); *Pruett v. Apfel*, 153 F.3d 728 (10th Cir. 2007)(unpublished), 1998 WL 380506; *Jordan v. Astrue*, 2012 WL 1079176 (D.Colo).

In the present case, Plaintiff does not contest that the ALJ fully discussed the medical evidence and Plaintiff's testimony. Plaintiff does not explain how the ALJ's failure to discuss the VA rating was harmful, nor does Plaintiff explain what there was to discuss about the VA rating. The VA records contain notations of an 80% service-connected percentage, [R. 292], a "mood disorder 30% SC," [R. 493], 80% disability, [R. 808], and "primary eligibility: service connected 50-100%." [R. 843, 845]. None of the records describe how the VA arrived at the percentage figures or what those percentage figures mean.[3]

---

[3] Plaintiff attached a Decision Review Officer Decision dated March 17, 2006, from the Department of Veterans Affairs Muskogee Regional Office to his reply brief. [Dkt. 17-1]. This information was not presented to the ALJ or to the Appeals Council. Since it was presented in Plaintiff's reply brief, the Commissioner has not been afforded an opportunity to respond to the VA information. The court has not considered the exhibit.

Based on the fact that the ALJ throughly considered the same medical evidence that the VA considered and further based on the Plaintiff's failure to establish any error in the ALJ's consideration of that evidence, the court finds there was no harmful error in the ALJ's failure to discuss the VA rating in his decision. In addition, the court finds that the ALJ's decision demonstrates thoughtful consideration of the medical evidence and Plaintiff's testimony. The ALJ fully explained the reasons for the findings he made at each step of the required evaluative sequence and related those findings to the evidence. The decision thus demonstrates the application of the correct legal standards and that the decision denying Plaintiff Social Security disability benefits is supported by substantial evidence in the record.

## Conclusion

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 21st day of September, 2012.

Frank H. McCarthy

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE